UNITED STATES DISTRICT COURT
400 Cooper Street, Camden, NJ 08101

| | |
|---|---|
| JAMES C. GRANDE, | CIVIL DIVISION |
| Plaintiff. | No. |
| v. | |
| STARBUCKS CORP et al, | |
| Defendants. | |

## COMPLAINT

Plaintiff, James C. Grande sues Defendants, Starbucks Corporation, Howard S Schultz, and three store property owners, (1) Two Six Two S. 18th Associ., (2) Robert and Geradine Giuntoli, and (3) 1528 Walnut Limited Partn ASI MGT, for money damages and states:

### JURISDICTIONAL ALLEGATIONS

1. This is an action for money damages in excess of $75,000.

2. The Plaintiff resides in the filing county of Camden.

3. The Defendants reside in different states.

4. This is a case of Diversity of Citizenship.

5. United States District Court of New Jersey has jurisdiction in this matter.

### GENERAL FACTUAL ALLEGATIONS

1. The Defendants targeted, terrorized and committed multiple frauds against the Plaintiff continuously over a period of 9 years into the end of the year 2017, and by doing so, endangered his life.

2. The Defendants also committed excessive and ongoing identity, personal data, and intellectual property theft and fraud, against the Plaintiff.

3. The Defendants created filthy, grossly unsanitary and unsafe stores that in concert with their illegal actions against the Plaintiff further endangered his life.

4. The Defendants actions can be directly linked to the Plaintiff suffering cancer and its many ongoing burdens.

5. The Defendants violated their highest duty of care due the Plaintiff as a paying customer.

6. The Plaintiff provided a letter with a number of these issues to the Defendant, Starbucks Corporation, which was mostly ignored.

7. The Plaintiff was homeless for approximately the first 6 of these 9 years.

8. During these homeless times the Defendant's storefronts were the only place open at 5:30 am.

9. The incidents took place at three separate storefronts with two located in Philadelphia PA and one in Haddonfield NJ.

10. There are five Defendants, (1) Starbucks Corporation, (2) Howard S. Schultz, and three store property owners, (3) Two Six Two S. 18th Associ., the property owner at 1801 Spruce Street, Philadelphia PA 19103, (4) 1528 Walnut Limited Partn ASI MGT the property owner at 1528 Walnut St, Philadelphia PA and (5) Robert and Geradine Giuntoli the property owners at 214-216 Kings Highway Haddonfield, NJ 08033.

Wherefore the Plaintiff demands judgment in money damages of seventy nine million dollars US ($79,000,000.00) against the Defendants, and stopping further actions and harm against him, together with such other and further relief as the court may deem reasonable and just under the circumstances.

## COUNT 1

11. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

12. The Defendants committed fraud against the Plaintiff by promising to "provide the safest and best experience to consumers" but instead used terrorizing and intimidation tactics harming him physically and financially.

13. The Plaintiff acted in reliance of this false statement and impression, making him an easy target for these illegal acts by the Defendants.

14. At the register the Defendants overcharged, manipulated transactions, did not provide receipts and/or harassed the Plaintiff,

15. Within the store sitting areas they would harass, sit or move in close proximately to the Plaintiff and at times threatened or offensively touched him.

16. The Defendants public display of unlawful acts while terrorizing and intimidating the Plaintiff were extremely stressful to him and created an atmosphere for others to unlawfully behave towards the Plaintiff.

Wherefore the Plaintiff demands judgment in money damages of two million dollars US ($2,000,000.00) against Defendants and stopping any further abuses against the Plaintiff together with such other and further relief as the court may deem reasonable and just under the circumstances

## COUNT 2

17. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

18. The Defendants committed fraud against the Plaintiff by promising a safe and healthy store environment and instead targeting him and attacking him with filth including, human waste, carcinogens, toxins, and disease pathogens.

19. Defendant would sweep filth at or towards the Plaintiff forcing inhalation and ingestion.

20. The Defendants used toxic cleaners around the Plaintiff.

21. Defendant would handle human waste, empty trash and clean around plaintiff and would contaminate beverages, food and containers.

22. These actions are a direct link to the Plaintiff suffering cancer and its burdens.

Wherefore the Plaintiff demands judgment in money damages of four million dollars US ($4,000,000.00) against Defendants together with such other and further relief as the court may deem reasonable and just under the circumstances.

## COUNT 3

1. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

2. This count refers only to Starbucks store located at 1801 Spruce Street, Philadelphia PA 19103 with its property owner "Two Six Two S. 18th Associ".

3. The Defendants defamed the Plaintiff by publicly humiliating the Plaintiff by kicking him out of the store after he stepped in to save the life of an individual battering his head while in a seizure.

4. Starbucks employees stood by idly while the individual was in peril.

5. The Plaintiff rushed to stabilize the person as his seizures subsided, avoiding any further damage.

6. There was a large pool of blood from this emergency that the Plaintiff requested be cleaned. There was an extremely slow response by the Starbucks manager and employees.

7. Emergency personnel arrived and took the individual to the hospital.

8. A while latter in retaliation, the Defendant, Starbucks Corporation, publicly and verbally humiliated the Plaintiff and ordered him to leave the store, giving no reason when asked.

9. At least one person questioned the incident and was given an answer by the Defendants employees that disparaged the Plaintiff.

Wherefore the Plaintiff demands judgment in money damages of two million dollars US ($2,000,000.00) against Defendants together with such other and further relief as the court may deem reasonable and just under the circumstances.

### COUNT 4

10. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

11. The Defendants stole the Plaintiffs identity.

12. The Defendants would perform one or more of the following improper acts: (1) intercept or interrupt the Plaintiff's privacy and communications. (2) Mishandled, peered into, the Plaintiffs personal property. (3) The Defendants assigned personnel to track the Plaintiff in and outside the stores. (4) They would contact (touch) the Plaintiff. (5) Steal from a falsely trusted transaction. (6)They provided internet access and then monitored and manipulated data.

13. There is a correlation between the Defendants illegal activities against the Plaintiff and the events in his life.

14. Fraud occurred against the Plaintiff outside the stores as a result of the Defendants identity theft at these locations.

15. The Defendants profited greatly at the expense of the Plaintiff.

Wherefore the Plaintiff demands judgment in money of five million dollars US ($5,000,000.00) against Defendants and stopping any further fraudulent use of his identity and/or intellectual property together with such other and further relief as the court may deem reasonable and just under the circumstances.

### COUNT 5

16. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

17. The Defendants committed fraud against the Plaintiff by promising a good, cup of coffee and instead tampering with it by putting in an additive that not only made him very sick but attacked the very area that had been ravaged by cancer.

18. The Plaintiff drank beverages prepared by the Defendants that made him extremely ill on more than one occasion with the latest occurring in August 2017.

19. Although this thoughtless action targeted the Plaintiff, he does not yet know of the further damage such a thoughtless act will cause.

      Wherefore the Plaintiff demands judgment in money damages of six million dollars US ($6,000,000.00) against Defendants and stopping any further tampering of product against the Plaintiff together with such other and further relief as the court may deem reasonable and just under the circumstances.

### COUNT 6

20. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations

21. The Defendants committed fraud by presenting what appeared to be a safe and sanitary restroom and instead used it as a place to harass and endanger the Plaintiff.

22. The Defendants used the false image of their restrooms being safe, sanitary, and private as a tool to terrorize, intimidate, endanger and the Plaintiff.

23. The restrooms were many times so poorly cleaned and filthy they reeked of feces and were visibly soiled.

24. When the Plaintiff was in the restroom the Defendants terrorized and badgered him by threatening to enter and sometimes breaking in.

25. The Defendants restrooms had locks with defects that allowed access.

26. The Defendant would also endanger the Plaintiff when he would leave the restroom by washing the floors and leaving a slippery surface for falls with no warning.

27. This unacceptable behavior by the Defendants aimed at the Plaintiff caused tremendous stress that directly relates to him suffering his type of cancer.

Wherefore the Plaintiff demands judgment in money damages of six million dollars US ($6,000,000.00) against Defendants together with such other and further relief as the court may deem reasonable and just under the circumstances.

### COUNT 7

28. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

29. The Defendants committed fraud against the Plaintiff by promising a safe and healthy store environment and instead terrorized and intimidated him, endangering his life.

30. The Defendants created a false impression of trust with the Plaintiff before they harassed him.

31. In an abusive use of process, Starbucks managers would threaten to call the police on the Plaintiff even though he was not doing anything improper or illegal.

32. Starbucks employees would verbally or with noise harass the Plaintiff when he closed his eyes.

33. They allowed others and some non-paying individuals to sleep in their stores.

34. The Defendants actions of terrorizing and intimidating the Plaintiff to stop him from resting was a constant source of stress.

Wherefore the Plaintiff demands judgment in money damages of three million dollars US ($3,000,000.00) against Defendants and stopping any further abuses against the Plaintiff together with such other and further relief as the court may deem reasonable and just under the circumstances

## COUNT 8

35. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

36. The Defendants owed the Plaintiff, a paying customer, a legal duty to exercise at least reasonable care to provide a clean and safe store.

37. The Defendants breached their duty of care by negligently creating, a grossly unsanitary and unhealthy environment in three locations.

38. Trash was transported across floors often oozing and dripping waste.

39. Windows were not cleaned on a regular basis with filth visible and crawling with insects.

40. Chairs seldom cleaned and filth allowed to collect for days weeks and months especially in crevices.

41. The Defendants allowed human waste to sit sometimes for hours on tables.

42. General public including nonpaying and unsanitary individuals were encouraged to handle products and touch condiment bar passing unknown disease contagions.

43. Because of his unique experience including being homeless for a time the Plaintiff was directly aware of which individuals were grossly unsanitary.

44. Employee unsanitary transport of exposed utensils containers, paper products, normally provided in sanitary and safe wrappings by supplier.

45. This gross mismanagement and negligence by the defendants in combination with the targeted actions against the Plaintiff is a direct link to him suffering cancer.

Wherefore the Plaintiff demands judgment in money damages of four million dollars US ($4,000,000.00) against Defendants and stopping any further fraudulent use of his identity together with such other and further relief as the court may deem reasonable and just under the circumstances

## COUNT 9

46. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

47. The Defendants improperly and illegally obtained and processed the Plaintiffs personal data.

48. The personal data of the Plaintiff includes but is not limited to genetic data, biometric data and Data.

49. The Defendants also manipulated this data to their benefit and the detriment of the Plaintiff.

50. There is a correlation between the Defendants illegal activities against the Plaintiff and the events in his life.

51. The Plaintiff has suffered from these gross personal data abuses over 9 years and still suffers to this day.

Wherefore the Plaintiff demands judgment in money of five million dollars US ($5,000,000.00) against Defendants and stopping any further fraudulent use of his identity and/or intellectual property together with such other and further relief as the court may deem reasonable and just under the circumstances.

## COUNT 10

52. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations

53. The Defendants blatant use and disregard of the Plaintiffs sir name "Grande" which he has held sacred over 62 years, while they badgered him and did not compensate him for its use is apprehensible.

54. The Defendant used the Plaintiff's sir name "Grande" without his consent.

55. The Defendants created a bad store environment where their abuses against the plaintiff with his intellectual property were in clear view of those in the store.

56. There is a correlation between the Defendants illegal activities against the Plaintiff and the events in his life.

57. The Defendants greatly profited and continue to do so by using the Plaintiff's sir name "Grande".

Wherefore the Plaintiff demands judgment in money of ten million dollars US ($10,000,000.00) against Defendants and stopping any further fraudulent use of intellectual property together with such other and further relief as the court may deem reasonable and just under the circumstances.

## COUNT 11

58. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

59. The Defendants committed tortious interference with prospective economic advantage and fraud against the Plaintiff.

60. There was an existence of a favorable business relationship for the simple fact that the Plaintiff with the sir name Grande purchased repeatedly from Starbucks Corporation, products with predominately labeled with the name "Grande"

61. Defendants were knowledgeable of the Plaintiffs sir name and often mentioned it when he was in store.

62. Defendants intentional and unjustified interfered with the relationship by targeting and terrorizing the Plaintiff and taking unfair advantage of what was his poor economic position initially and coercing purchase of those products bearing his name.

63. The Defendants prevented any rightful moneys due the Plaintiff by concealing arrangements they made with others and openly abusing the Plaintiff.

Wherefore the Plaintiff demands judgment in money of seven million dollars US ($7,000,000.00) against Defendants and stopping any further use of his name and intellectual property together with such other and further relief as the court may deem reasonable and just under the circumstances.

## COUNT 12

64. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

65. The Defendants by their fraudulent actions against the Plaintiff, their gross mismanagement of their facilities and the inherent risks of their business created a horrific combination of cancer causing factors which are a direct link to their responsibility for the Plaintiffs cancer.

66. The Defendants continual and exorbitant filth assault, product tampering, restroom harassment and resulting stresses were all contributing factors to the Plaintiffs type of cancer.

67. The unsanitary, disease ridden and toxic store environment, which includes a dangerous air quality can all be linked to cancer.

68. By the very nature of the, roasting the coffee beans, and related items, produce carcinogens.

69. The cancer itself and the aftermath of radical surgery, intense radiation and chemotherapy have produced excessive physical, time and financial burdens on the Plaintiff.

Wherefore the Plaintiff demands judgment in money damages of twenty five million dollars US ($25,000,000.00) against Defendants and stopping any further harm against him together with such other and further relief as the court may deem reasonable and just under the circumstances.

The Defendants and the location of the properties where the incidents occurred.

| | | |
|---|---|---|
| Defendant No. 1 | Name: | Starbucks Corporation, Kevin Johnson |
| | Street Address | 2401 Utah Avenue South Suite 800 |
| | County, City: | King, Seattle |
| | State & Zip Code: | WA 98134 |
| Defendant No. 2 | Name: | Howard S. Schultz, Starbucks Corporation, |
| | Street Address | 2401 Utah Avenue South Suite 800 |
| | County, City: | King, Seattle |
| | State & Zip Code: | WA 98134 |
| Defendant No. 3 | Name: | Two Six Two S. 18th Associ, |
| | Street Address | 1824 Spruce St Ste 100 |
| | County, City: | Philadelphia, Philadelphia |
| | State & Zip Code: | PA, 19103 |
| | [Store Location: | 1801 Spruce St, Philadelphia PA] |
| Defendant No. 4 | Name: | Robert L and Geradine F. Giuntoli |
| | Street Address | 2401 Penn Ave, Unit 18c45 |
| | County, City: | Philadelphia, Philadelphia |
| | State & Zip Code: | PA, 19130 |
| | [Store Location: | 214-216 Kings Highway E, Haddonfield NJ] |
| Defendant No. 5 | Name: | 1528 Walnut Limited Partn ASI MGT |
| | Street Address | 100 S. Broad St., Suite 1300 |
| | County, City: | Philadelphia, Philadelphia |
| | State & Zip Code: | PA, 19110 |
| | [Store Location: | 1528 Walnut St, Philadelphia PA] |

---------------------------

Plaintiff, James C. Grande
802 Station Avenue #0
Haddon Heights, NJ 08035

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JAMES L. GRANDE
_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

STARBUCKS CORPORATION

HOWARD S. SCHULTZ

TWO SIX TWO S. 18TH ASSOC I.

ROBERT L. AND GERADINE F. GIUNTOLI

1528 WALNUT LIMITED PARTN ASI MGT

_____

**COMPLAINT**

Jury Trial: [ ] Yes [✓] No

(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

### I.   Parties in this complaint:

A.   List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name             JAMES L. GRANDE
             Street Address   802 STATION AVENUE #O
             County, City     CAMDEN, HADDON HEIGHTS
             State & Zip Code NJ 08035
             Telephone Number 856-761-4647

B. List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Defendant No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

→    PLEASE SEE ATTACHED NEXT PAGE

Defendant No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Defendant No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

## II. Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A. What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions          ☑ Diversity of Citizenship

☐ U.S. Government Plaintiff  ☐ U.S. Government Defendant

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

- 2 -

Attachment to page 2
1. Parties in complaint: James C. Grande v. Starbucks Corp et al
B. List of all Defendants

| | | |
|---|---|---|
| Defendant No. 1 | Name: | Starbucks Corporation, Kevin Johnson |
| | Street Address | 2401 Utah Avenue South Suite 800 |
| | County, City: | King, Seattle |
| | State & Zip Code: | WA 98134 |
| Defendant No. 2 | Name: | Howard S. Schultz, Starbucks Corporation, |
| | Street Address | 2401 Utah Avenue South Suite 800 |
| | County, City: | King, Seattle |
| | State & Zip Code: | WA 98134 |
| Defendant No. 3 | Name: | Two Six Two S. 18th Associ, |
| | Street Address | 1824 Spruce St Ste 100 |
| | County, City: | Philadelphia, Philadelphia |
| | State & Zip Code: | PA, 19103 |
| | [Store Location: | 1801 Spruce St, Philadelphia PA] |
| Defendant No. 4 | Name: | Robert L and Geradine F. Giuntoli |
| | Street Address | 2401 Penn Ave, Unit 18c45 |
| | County, City: | Philadelphia, Philadelphia |
| | State & Zip Code: | PA, 19130 |
| | [Store Location: | 214-216 Kings Highway E, Haddonfield NJ] |
| Defendant No. 5 | Name: | 1528 Walnut Limited Partn ASI MGT |
| | Street Address | 100 S. Broad St., Suite 1300 |
| | County, City: | Philadelphia, Philadelphia |
| | State & Zip Code: | PA, 19110 |
| | [Store Location: | 1528 Walnut St, Philadelphia PA] |

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship __NEW JERSEY__

Defendant(s) state(s) of citizenship __WASHINGTON, PENNSYLVANIA__

## III. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? _____

B. What date and approximate time did the events giving rise to your claim(s) occur? _____

[What happened to you?]

C. Facts: _____

__PLEASE SEE ATTACHED PLEADING :__

__JAMES C. GRANDE V. STARBUCKS CORPORATION ET AL__

[Who did what?]

[Was anyone else involved?]

[Who else saw what happened?]

- 3 -

### IV. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_PLEASE SEE ATTACHED PLEADING_
_JAMES C. GRANDE V STARBUCKS CORPORATION ET AL_

### V. Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

_PLEASE SEE ATTACHED PLEADING_
_JAMES C. GRANDE V. STABUCKS CORPORATION ET AL_

- 4 -

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 23RD day of JULY, 20 18.

Signature of Plaintiff _____

Mailing Address  802 STATION AVE #O
HADDON HEIGHTS NJ 08035

Telephone Number  856-761-4647

Fax Number *(if you have one)* _____

E-mail Address  JAMESCGRANDE@GMAIL.COM

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.

Signature of Plaintiff: _____

State of New Jersey
County of Camden
This document was acknowledged before me on this 23rd day of July, 20 18
by _____
Christopher S. Walter, Notary Public



- 5 -