# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES C. GRANDE, | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STARBUCKS CORPORATION, et al., | : | |
| *Defendants*. | : | No. 18-04036 |
| | : | |

## **MEMORANDUM**

PRATTER, J.                                                                                   APRIL 1, 2019

James Grande's claims arise from his patronage of two Philadelphia Starbucks stores over a period of approximately nine years. Although the complaint outlines several incidents that allegedly occurred to Mr. Grande while he was a customer at Starbucks, it lacks certain details that are necessary for this case to proceed. The Court will therefore grant the motions to dismiss without prejudice so that Mr. Grande may seek leave to amend his complaint.

### BACKGROUND

Mr. Grande brings claims against Starbucks Corporation, Starbucks' former Executive Chairman, Howard Schultz, and the property owners of the two store locations, Two Six Two S. 18th Associates L.P. (which owns the 1801 Spruce Street Starbucks store) and 1528 Walnut Limited Partnership (which owns the 1528 Walnut Street Starbucks store). Mr. Grande alleges that during his frequent visits to Starbucks, Starbucks employees mistreated him in the following ways:

- ➢ By overcharging Mr. Grande and failing to provide him with receipts;

- ➢ By sitting close to Mr. Grande to threaten or intimidate him;

- ➢ By fraudulently promising stores would be safe and clean when in fact the stores were dirty and employees used toxic cleaners;

- ➢ By publicly humiliating Mr. Grande and kicking him out of their stores;

- ➢ By invading Mr. Grande's privacy, including monitoring Mr. Grande;

- ➢ By making Mr. Grande sick from Starbucks coffee;

- ➢ By harassing Mr. Grande while he was using Starbucks restrooms;

- ➢ By failing to provide safe and clean restrooms;

- ➢ By calling the police on Mr. Grande even if Mr. Grande was not breaking the law;

- ➢ By failing to adequately clean Starbucks stores;

- ➢ By seizing Mr. Grande's "personal data"; and

- ➢ By using Mr. Grande's surname in their products without compensating Mr. Grande.

### LEGAL STANDARD

Mr. Grande's *pro se* pleading must be "liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Bieros v. Nicola, 839 F. Supp. 332, 334 (E.D. Pa. 1993) ("[A] court must construe *pro se* complaints liberally[.]"). *Pro se* litigants such as Mr. Grande are "held to 'less stringent standards' than trained counsel." Benckini v. Hawk, 654 F. Supp. 2d 310, 316 n.1 (E.D. Pa. 2009) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). The Court stands prepared to "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name." Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247–48 (3d Cir. 1999) (citations omitted).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim

showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "to give the defendant fair notice of what the claim is and the grounds upon which it rests," the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations, quotations, and alteration omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555 (citation omitted). The question is not whether the claimant "will ultimately prevail on his . . . claim, but whether his complaint [is] sufficient to cross the federal court's threshold." Skinner v. Switzer, 562 U.S. 521, 530 (2011) (citations and quotation omitted). Thus, assessment of the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." W. Pa. Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010) (citations omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. The Court must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (quotation and citation omitted). Also, the Court must "accept as true" all reasonable inferences emanating from the allegations, and view those facts and inferences "in the light most favorable to the non-moving party." Rocks v. City of Phila., 868 F.2d 644, 645 (3d Cir. 1989) (citation omitted); see also Revell v. Port Auth., 598 F.3d 128, 134 (3d Cir. 2010).

That admonition does not demand that the Court ignore or even discount reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences," Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and quotation omitted), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions"). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. Cty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).

## DISCUSSION

The Court is cognizant of Mr. Grande's *pro se* status and the lenient pleading standard enjoyed by *pro se* litigants. The Court also appreciates that the allegations in the complaint allegedly occurred over nine years and that during much of that time Mr. Grande was homeless and later suffering from a serious illness. Nonetheless, Mr. Grande's complaint does not provide sufficient details to "serve[] its function as a guide to discovery" and, as such, is in need of amendment. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004); see also McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). The Court will therefore dismiss Mr. Grande's complaint without prejudice.[1]

---

[1] Two of the defendants, Two Six Two S. 18th Associates L.P and 1528 Walnut Limited Partnership, also move to dismiss on the basis of improper service. "Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, 'insufficiency of service of process' is one basis for which a defendant may seek dismissal of a complaint." Parker v. Goichberg, No. 08-

4

As this Court recently noted, "the Third Circuit Court of Appeals has criticized 'the all too common shotgun pleading approach' to complaints." M.B. v. Schuylkill County, No. 18-756, 2019 WL 1317565, at *5 (E.D. Pa. Mar. 21, 2019) (quoting Hynson v. City of Chester Legal Dep't, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988)). And, although there are several characteristics that can make a complaint a shotgun pleading, they all have in common one thing: "'fail[ure] to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" Id. (quoting Bartol v. Barrowclough, 251 F. Supp. 3d 855, 860 (E.D. Pa. 2017)). Here, although the Court is reluctant to dismiss the *pro se* pleading as a shotgun complaint, Mr. Grande has not provided enough specific details as to each claim to put the defendants on notice of what they are accused of doing.

Most fundamentally, each of Mr. Grande's twelve "counts" appears to be raised generally against all of the defendants. Nowhere in any of the counts, however, does Mr. Grande allege which particular acts were taken by which particular defendants. This is problematic

---

829, 2008 WL 5455339, at *3 (E.D. Pa. Dec. 29, 2008) (citing Allstate Insurance Co. v. Funai Corp., 249 F.R.D. 157, 160) (M.D. Pa. 2008)). The "party asserting the validity of service bears the burden of proof on that issue." Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

Under the Federal Rules of Civil Procedure, service was required to be made in a manner consistent with state law. See Fed. R. Civ. P. 4(h), 4(e)(1). And under New Jersey law (this action was initially filed in the District of New Jersey before being transferred to the Eastern District of Pennsylvania):

> "service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant or, with postal instructions to deliver to addressee only, to defendant's place of business or employment."

N.J. Ct. R. R. 4:4-3.

Here, Mr. Grande filed return receipts showing that the complaints were served upon all of the defendants. See Doc. No. 22, Exs. 1–4. Based on the return receipts filed by Mr. Grande, the Court determines that Mr. Grande carried his burden of establishing effective service.

5

given that Mr. Grande has brought claims allegedly arising at two distinct Starbucks franchise locations, one at 1801 Spruce Street and the other at 1528 Walnut Street. The defendants cannot defend the claims against them if they do not know which acts they allegedly committed and where those acts allegedly occurred.[2] See Bartol, 251 F. Supp. 3d at 860 (dismissing complaint as shotgun pleading because it was "far from clear against which Defendants many of the claims [we]re brought").

The complaint also includes several other infirmities that Mr. Grande should address if and when he amends his pleading. First, several of the counts appear to sound in multiple torts. Count 1, for example, explicitly alleges both that the defendants "committed fraud," Compl. ¶ 12, and "harassed, s[a]t or move[d] in close proximity to the Plaintiff and at times threatened or offensively touched him." Id. ¶ 15. Likewise, Count 2 alleges that the defendants "committed fraud," id. ¶ 18, but also alleges that the defendants intentionally swept refuse at Mr. Grande. In other words, the allegations in Counts 1 and 2 appear to allege the common law torts of fraud and battery—among others. Mr. Grande should attempt to include only one cause of action in each count. See Bartol, 251 F. Supp. 3d at 859 (identifying a complaint that "does not separat[e]

---

[2] In one of his opposition briefs responding to the motions to dismiss, Mr. Grande argues that there are "a large number of events for most of the counts" and that he omitted specific details "to save the court[']s time." Doc. No. 24 ¶ 2. Mr. Grande also asserts that "[t]he same type [of] events occurred at both Philadelphia locations. The only exception as noted in the complaint was Count 3." Id. ¶ 4. And, in a sur-reply brief, Mr. Grande provides more specific time frames for several of the allegations in the complaint. See Doc. No. 26 at 2–4. Although Mr. Grande may be correct about (1) the general range of dates in which some of the acts occurred, and (2) there being numerous acts underpinning each allegation and that those acts occurred at both at-issue Starbucks stores, he nonetheless must include those details in the complaint, including specific occurrences at each store, so as to allow the defendants the opportunity to raise any relevant defenses. For example, in their opposition briefs, the defendants invoke statute of limitations defenses to some of Mr. Grande's claims. Without knowing when specifically each claim accrued, however, the defendants and the Court cannot adequately assess whether the claims are outside the statute of limitations.

into a different count each cause of action or claim for relief" as an improper shotgun pleading) (citation and quotation omitted).

Second, Mr. Grande should be cognizant of the specific requirements for pleading the causes of action included in his complaint. For example, to the extent that Mr. Grande intends to continue to pursue his fraud claims, he should be wary that, under the Federal Rules of Civil Procedure, fraud is subject to a heightened pleading requirement: "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). As such, in addition to satisfying the elements of fraud,[3] Mr. Grande must state clearly and specifically the "precise misconduct with which [the defendants are] charged." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (citation and quotation omitted). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id. Likewise, Mr. Grande should ensure that his other claims—whether for defamation, invasion of privacy, tortious interference, or any other cause of action—include the necessary elements of each cause of action and satisfy the pleading requirements. And to the extent Mr. Grande asserts that some of his causes of action are predicated on violations of Pennsylvania's criminal and administrative codes, see Doc. No. 24 at 4–7, these provisions do not include a private cause of action and cannot support or form the basis of Mr. Grande's claims. See Agresta v. Goode, 797 F. Supp. 399, 409 (E.D. Pa. 1992) (refusing to "to imply from a criminal statute a private right of action").

---

[3] Under Pennsylvania law, the elements of fraud are: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." Gruenwald v. Advanced Computer, 730 A.2d 1004, 1014 (Pa. Super. 1999).

7

Finally, if Mr. Grande intends to pursue theories of liability against corporate officers, caselaw states that "an individual who is acting as a director or officer of a corporation cannot be held personally liable absent an allegation that the corporate veil should be pierced." Synthes, Inc. v. Marotta, 281 F.R.D. 217, 232 (E.D. Pa. 2012) (quoting Solomon v. Klein, 770 F.2d 352, 354 (3d Cir. 1985)). In his current complaint, Mr. Grande names Howard Schultz as a defendant but does not include any veil-piercing allegations. But any claims against any Starbucks corporate officer will necessarily fail unless Mr. Grande includes either (1) allegations sufficient to pierce the corporate veil or (2) allegations that the corporate officer personally committed a tort. Id.

## CONCLUSION

The Court appreciates the considerable effort that Mr. Grande obviously put forth in drafting his complaint. To ensure that both Mr. Grande and the defendants are able to fully and fairly litigate Mr. Grande's claims, however, the Court must dismiss the complaint without prejudice to allow Mr. Grande to further develop and explain his claims as set forth above. An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE