IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES C. GRANDE, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : : | |
| STARBUCKS CORPORATION, et al., *Defendants* | : : : | No. 18-04036 |

## MEMORANDUM

PRATTER, J.                                                                    AUGUST 20, 2020

The Court previously dismissed Mr. Grande's amended complaint, in part, because several of Mr. Grande's claims failed to plausibly state a cause of action. However, construing Mr. Grande's claims liberally, the Court permitted Mr. Grande's battery claim and his product tampering claim to proceed. The Court also permitted Mr. Grande another opportunity to amend his complaint to the extent that he hoped to articulate additional claims based an alleged misappropriation of his name and likeness.

Mr. Grande has since timely filed a second amended complaint, which two defendants now seek to partially dismiss.[1] All of the defendants move for a protective order to govern the disclosure of certain discovery. All defendants have also moved for summary judgment, seeking to dismiss all claims. For the reasons that follow, the Court grants in part the defendants' motion to dismiss, grants in part the motion for a protective order, and dismisses the pending motion for summary judgment.

---

[1] Only Starbucks and Two Six Two S. 18th Association move to dismiss.

1

## BACKGROUND

Mr. Grande initiated this action with hopes of pursuing various claims against Starbucks Corporation, Starbucks' former Executive Chairman, Howard Schultz, and the property owners of two store locations, Two Six Two S. 18th Association[2] and 1528 Walnut Limited Partnership. In the Court's prior memorandum of February 7, 2020, the Court dismissed Mr. Schultz from the litigation.[3]

Now, in his second amended complaint, Mr. Grande asserts four claims:

- Count 1: "Hazardous Waste Battery"

- Count 2: "Consumer Prod[u]ct Tampering"

- Count 3: "Misappropriation of Publicity of Name"

- Count 4: "Misappropriation of Publicity of Likeness."

Mr. Grande asserts Counts 1, 3, and 4 against all of the remaining defendants, and asserts Count 2 against Defendants Two Six Two S. 18th Association and 1528 Walnut Limited Partnership. Mr. Grande bases his claims on the allegations that unnamed employees of Starbucks at two Philadelphia storefronts intentionally swept waste at Mr. Grande, tampered with the beverages he drank, and used his name, "Grande" and his likeness, including "but not limited to audio, pictorially, personal data, genetic data and biometric data," without his consent. *See generally* Second Am. Compl.

## THE PARTIAL MOTION TO DISMISS

The partial motion to dismiss addresses Counts 3 and 4. Defendants argue that Mr. Grande fails to plead any facts to show that his name and likeness have acquired commercial value, and

---

[2] The exact name of this defendant has changed slightly over the course of this litigation. The Court uses the most recent rendition as set forth in the second amended complaint.
[3] The Court had once before dismissed Mr. Grande's complaint in its entirety on the ground that Mr. Grande had failed to factually allege his numerous claims.

2

that the defendants used Mr. Grande's name or likeness without his consent. Defendants also argue that the claims must be dismissed according to the doctrine of laches.

Defendants contend that no allegation in the second amended complaint warrants the imposition of punitive damages. Moreover, to the extent that the second amended complaint asserts a claim of stalking, according to the defendants, such a claim is not viable in this civil litigation. Finally, the defendants take issue with Mr. Grande's attempt to re-assert a "bathroom battery" claim which this Court previously dismissed with prejudice.

In response, Mr. Grande opposes the dismissal of these claims.

### I. The Legal Standard

The Court construes Mr. Grande's *pro se* pleading liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *Pro se* litigants are "held to 'less stringent standards' than trained counsel." *Benckini v. Hawk*, 654 F. Supp. 2d 310, 316 n.1 (E.D. Pa. 2009) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). In construing the pleadings liberally, district courts must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "to give the defendant fair notice of what the claim is and the grounds upon which it rests," the plaintiff must provide "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, to survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (citation omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. The Court assumes that the allegations in the complaint and all reasonable inferences emanating from the allegations are true, viewing those facts and inferences in the light most favorable to the non-moving party. *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). That admonition does not demand that the Court ignore, or even discount, reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

## II. Analysis

Initially, the Court finds it need not address the defense arguments that Mr. Grande has sought to pursue a stalking claim or to re-assert a "bathroom battery" claim. After a fair reading of the second amended complaint, Mr. Grande does not appear to assert such claims. None will go forward in this case.

With respect to the misappropriation claims, the Court will dismiss both. Pennsylvania has codified a cause of action for the misappropriation of a name or likeness pursuant to 41 Pa. C.S. § 8316, which states "[a]ny natural person whose name or likeness has commercial value and is used for any commercial or advertising purpose without the written consent of such natural person . . . may bring an action to enjoin such unauthorized use and recover damages for any loss or injury sustained by such use." *Id.* "Name or likeness" is defined as any trait of "a natural person that serves to identify that natural person to an ordinary, reasonable viewer or listener, including, but

not limited to, name, signature, photograph, image, likeness, voice or a substantially similar imitation of one or more thereof." *Id.* § 8316(e)(2). The statute defines "commercial value" as "[v]aluable interest in a natural person's name or likeness that is developed through the investment of time, effort and money." *Id.* § 8316(e). Moreover, the "statute provides for relief where a natural person's 'name or likeness' is used without consent, and the phrase is defined as 'any attribute of a natural person that serves to identify that person to an ordinary, reasonable viewer or listener.'" *The Choice Is Yours, Inc. v. The Choice Is Yours*, No. 14-01804, 2015 WL 5584302, at *4 (E.D. Pa. Sept. 22, 2015).

In Mr. Grande's second amended complaint, he asserts that his name and likeness possess certain commercial value because he has gained much success in his various business and other professional endeavors throughout his life. To his opposition papers, he has attached what he claims to be proof of that success, including magazine articles in which he was featured.

At the motion to dismiss stage, the Court only considers the factual allegations in the pleadings, and any attachments to the complaint. None of the attachments provided by Mr. Grande were provided with his pleadings; thus, the Court does not consider them as part of the evaluation of the motion. The Court also finds that the averments in Mr. Grande's pleadings do not give rise to either misappropriation claim. Even considering all of Mr. Grande's allegations of success in the light most favorable to him, he has failed to plausibly allege that his name or likeness have acquired the requisite commercial value to support his misappropriation claims. As an example, Mr. Grande has not shown how his ability to raise a company out of bankruptcy, after which he was made president of that company, confers commercial value to his name under the law. Nor does the Court find that his feature in magazines or the contention that he may own some patents, themselves, amount to factually pleading that his *name* and *likeness* have acquired value for

5


purposes of his misappropriation claims. The Court also finds the averment that customers "show[ed] up in mass" whenever Mr. Grande would frequent various businesses, and the allegation that he acquired commercial value by way of engaging in charity work over the course of his lifetime, sound more in speculation than in plausibility. Instead, the Court finds Mr. Grande's allegations conclusory.

Mr. Grande has similarly failed to plausibly allege that the defendants' use of his name or likeness has somehow attributed association to Mr. Grande. Again, the Court finds Mr. Grande's averments conclusory, at most. *See The Choice is Yours, Inc*, 2015 WL 5584302, at *4-5 (holding that because the plaintiff failed to allege that the use of the business name "The Choice is Yours" served to identify him as a person, his misappropriation of name or likeness claim failed).[4]

---

[4] For these reasons, the Court need not address the defendants' argument with respect to the doctrine of laches. Moreover, the Court notes that in support of his misappropriation of likeness claim, Mr. Grande cites to *Facenda v. N.F.L. Films, Inc.*, 542 F. 3d 1007 (3d Cir. 2008), which addresses a false endorsement Lanham Act claim. *See* Pl.'s Opp'n (Doc. No. 60), p. 7. Mr. Grande appears to contend that he sets forth a false endorsement claim and that claim cannot fail because there is a likeliness of confusion. The Court previously instructed Mr. Grande to make clear in his *pleadings* what cause of action Mr. Grande pursued. The Court also informed Mr. Grande he must make sure to plead only legally cognizable claims and each element of the claim asserted. It remains unclear whether Mr. Grande also sets forth a false endorsement claim pursuant to the Lanham Act because Mr. Grande has failed to identify such a claim in his pleadings. He uses the term "secondary meaning" once in support of his misappropriation of name cause of action, but focuses his energies on addressing what appear to be the elements of his Pennsylvania misappropriation claims elsewhere in his amended complaint. Even if the Court construes Mr. Grande's complaint to seek to pursue a false endorsement claim, he has failed to factually plead the elements of the claim. *See N.F.L. Films, Inc., supra,* at 1014 ("To prove a violation of § 43(a)(1)(A) in a false endorsement case, a plaintiff must show that: (1) its mark is legally protectable; (2) it owns the mark; and (3) the defendant's use of the mark to identify its goods or services is likely to create confusion concerning the plaintiff's sponsorship or approval of those goods or services.") (citation omitted). Mr. Grande cites to a previous opposition brief where he attempts to address whether there is a likelihood of confusion in this case. In doing so, he repeats his arguments related to his state law misappropriation claims as to both the commercial value and association prongs of the claims. For the same reasons he has failed to plausibly allege those aspects of the claims, the Court also finds he has failed to factually plead a "likelihood of confusion" on the basis that there was some association between Starbucks's use of the word "grande" and Mr. Grande, such that Mr. Grande approved of the usage of the term. *Id.; see also id.* at 1019-1020. Consequently, this iteration of his claims fails.

Because the Court previously granted Mr. Grande an opportunity to amend to cure the defects in these claims, by instructing that Mr. Grande must factually allege that by using his name or likeness, the defendants somehow attributed association to Mr. Grande and that his name and likeness garnered some commercial value this time, the Court dismisses both of Mr. Grande's misappropriation claims with prejudice.

Finally, with respect to Mr. Grande's punitive damages allegation, "[t]he standard for awarding punitive damages under Pennsylvania law is well-established: Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others ... [a]s the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct.'" *Eagle v. Morgan*, No. 11-4303, 2013 WL 943350, at *15 (E.D. Pa. Mar. 12, 2013) (citing *Hutchinson v. Lundy,* 582 Pa. 114, 870 A.2d 766, 770 (Pa. 2005) (quotations omitted)). Mr. Grande asserts punitive damages with respect to his battery claim. While it may come to pass that sweeping of waste cannot ultimately prove the requisite mental state to support the claim for punitive damages, because the Court has permitted this claim to proceed, the Court will not now address the defendants' request for dismissal of the punitive damages claim. It may well be that such an argument will be appropriate at the conclusion of all discovery.

### THE MOTION FOR A PROTECTIVE ORDER

With respect to defendants' discovery motion, the defendants seek approval of a confidentiality agreement that would govern the production and use of documents in this litigation, as well a limitation on the scope of production Mr. Grande seeks from the defendants. They take issue with the scope of discovery sought because Mr. Grande appears to seek (1) employee and

partner identification information; (2) identification information for all purchases he made from 2012 to the present; (3) his gold card activity from 2009 to the present; and (4) all copies of a "2014 incident report." Mr. Grande opposes the motion.

The Court will grant the motion for a protective order as follows. The proposed confidentiality order, much like many others in various litigations the Court has reviewed, appears customary and limited for the purposes of this litigation. Mr. Grande's concerns, in part, relate to the use of a confidentiality designation to prevent the disclosure of responsive documents. However, to the extent that any party fails to disclose appropriate information, the parties may seek their remedies as provided under rules of this Court. Moreover, the Court retains the right to *sua sponte* or by motion require the disclosure of any materials subject to the protective order. The Court is thus satisfied that such language adequately addresses Mr. Grande's concerns at this time. Additionally, the Court will enter an amended version of the proposed protective order by way of a separate order.

With respect to the limitation of the production of discovery sought, as Mr. Grande has noted, only relevant and proportional discovery is permitted. *See generally* Fed. R. Civ. P. 26. The Court has reviewed Mr. Grande's discovery requests. With respect to Mr. Grande's remaining claims, Mr. Grande has not demonstrated how many of his requests are pertinent and proportional to the needs of proving his battery and product tampering claims. Thus, the Court will limit the scope of production to two years prior to Mr. Grande's initial complaint, a date of July 24, 2016. To the extent that Mr. Grande requires additional information as discovery unfolds, again, he may seek to do so in accordance with the Federal Rules of Civil Procedure and the Court's policies and procedures, which include the expectation of continued cooperation and conferences among the parties.

### THE MOTION FOR SUMMARY JUDGMENT

Finally, with respect to the defendants' motion for summary judgment, the parties have recently submitted letters indicating that discovery is ongoing. The pending motion for summary judgment addresses some or the same claims as the motion to dismiss which the Court has now dismissed. For these reasons, the Court dismisses the summary judgment motion as premature. The Court will issue a scheduling order with respect to new deadlines, including for motions for summary judgment.

### CONCLUSION

For the aforementioned reasons, the Court will dismiss Mr. Grande's third and fourth counts of his second amended complaint. The Court also grants in part the defendants' motion for a protective order, and dismisses their motion for summary judgment. An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE